[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dissolution of marriage action came to this court CT Page 8787 by complaint of the plaintiff wife dated May 9, 1991, seeking a dissolution of the marriage, custody of the minor children, child support, alimony and other relief. The defendant, who is on active duty in the United States Marine Corps, received proper service by certified mail, and an attorney was appointed by this court to protect his interests.
At the hearing, the plaintiff testified and produced documentary evidence. The defendant did not attend the hearing, but his attorney presented a letter from the defendant, witnessed by his commanding officer, indicating his agreement with all aspects of the proposed resolution of this case, save for the plaintiff's request for an award of attorney's fees. From the evidence, the court finds the following facts:
The plaintiff, whose maiden name was Darlene Collins, and the defendant intermarried on December 22, 1979 at New London, Connecticut. At least one party has resided continuously in the State of Connecticut for at least twelve months prior to the filing of this action. All statutory stays have expired, and this court has jurisdiction.
The plaintiff and the defendant separated in February of 1988. The defendant has not seen his children since the separation and has had only sporadic mail and telephone contact with them. No evidence was presented with regard to the reasons for this separation, and the court is thus not in a position to find that either party contributed disproportionately to the breakdown of the marriage. The court does find, however, that the marriage has broken down irretrievably with no reasonable hope of reconciliation.
The plaintiff and the defendant have three minor children, issue of said marriage, to wit: Nicole R. Duncan, born May 19, 1981; Michelle E. Duncan, born February 7, 1987; and Sherrell R. Duncan, born February 7, 1987. No other minor children have been born to the plaintiff wife since the date of the marriage of the parties.
The husband, who has a high school education, entered the United States Marine Corps in September of 1978 and has served continuously in the Marines since that date. He is currently at Camp LeJeune, North Carolina. He is 33 years old. The husband's latest financial affidavit was filed on March 9, 1992. A "Leave and Earnings Statement", filed as Plaintiff's CT Page 8788 Exhibit A, reflects a monthly gross income of $2,709.73, substantially in excess of that reflected in the financial affidavit.
The plaintiff wife, who also has a high school education, is currently employed as a secretary for the Visiting Nurse Association and has been so employed for approximately two years. Her financial situation is reflected in the financial affidavit which she has duly filed, along with the required custody affidavit.
The parties have divided their personal property to their mutual satisfaction. The defendant makes no claim to any items of personal property remaining in the plaintiff's residence.
In determining its financial awards, the court has taken into consideration the agreement of the parties, the statutory factors contained in Connecticut General Statutes Sections 46b-81, 46b-82 and 46b-84, the testimony and demeanor of the plaintiff and the interrelationship of the orders which it is about to enter. Based on the above factors and the evidence, the court orders:
(1) That a decree enter, dissolving the marriage on the grounds of irretrievable breakdown.
(2) Custody of the minor children shall be awarded to the plaintiff wife, subject to reasonable visitation to the defendant upon forty-eight hours notice and at the plaintiff's discretion.
(3) The defendant shall pay to the plaintiff child support in the amount of $82 per child per week, for a total of $246 per week, plus $20 per week on an arrearage found to be $680 as of May 4, 1992, said weekly payment to be secured by immediate wage garnishment. In entering this order, the court and the parties, recognize that the maximum garnishment permitted by military regulations on the defendant's current earnings will not be sufficient to cover the full amount of this order. The parties agree, and the court orders, that any arrearages that may accrue under this court-ordered garnishment are not waived.
(4) The defendant shall continue his military life insurance policy with the minor children named as irrevocable CT Page 8789 beneficiaries until they attain the age of eighteen. Upon the defendant's retirement from the military, he is to maintain said policy or its equivalent.
(5) If the defendant is current with respect to the above-referenced child support orders, he shall be entitled to claim the children as dependency exemptions for income tax purposes in even-numbered years.
(6) On his retirement from military service, the defendant shall pay 32 percent of his military retirement pay to the plaintiff under the Uniformed Services Former Spouse Protection Act.
(7) The defendant is to provide military identification cards and privileges to the minor children as available.
(8) The defendant is to provide medical insurance for the benefit of the minor children. The court incorporates by reference the provisions of Connecticut General Statutes Section46b-84(c). The parties shall share equally any of the children's unreimbursed medical expenses.
(9) There shall be no alimony as to either party.
With respect to attorney's fees, the court finds that it would undermine its other financial awards to refuse to order the defendant to contribute to some portion of the plaintiff's attorney's fees. Although the plaintiff requested payment of $1,500, the court was presented with little information upon which it could base a determination that this was the proper amount, and the court has concluded that payment of attorney's fees in the amount of $1,000 would be fair and reasonable under all the circumstances, said payments to be at the rate of $25 per month. The plaintiff has invited the court to order that such payments be in the form of limited non-modifiable alimony so as to make them subject to wage garnishment, but the court feels that such an arrangement would violate the letter and spirit of the agreement reached by the parties, which very specifically calls for no alimony.
(10) To the extent not addressed in other portions of this Memorandum of Decision, each party shall be responsible for the liabilities reflected in his or her financial affidavit. CT Page 8790
Jonathan E. Silbert, Judge